IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HERITAGE GUITAR, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20-cv-229 ) ) Honorable Hala Y. Jarbou |
| GIBSON BRANDS, INC., | ) ) Magistrate Judge Ray Kent |
| Defendant. | ) ) |

## STIPULATED PROTECTIVE ORDER

Plaintiff Heritage Guitar, Inc. ("Heritage") and Defendant Gibson Brands, Inc. ("Gibson"), stipulate and agree to the following:

1.  As used in this Order, "Confidential" information and materials shall include all information and materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations or provide improper advantage to others. "Confidential" information and materials shall include, but shall not be limited to, information that concerns or relates to (1) sales, marketing, manufacturing, or research and development; (2) financial performance; (3) manufacturing or other costs of doing business; (4) licenses or other confidential agreements; and (5) technical details of products or methods of doing business and/or marketing.

2.  As used in this Order, "Highly Confidential Outside Attorneys' Eyes Only" information and materials shall include trade secrets with the meaning of the Defend Trade Secrets Act and all information and materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, or to the public, lead

to significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

3. This Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogators, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information that the disclosing party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action. Nothing in this Stipulated Protective Order requires the production of privileged or work-product information and materials, or any information and materials that are otherwise not subject to discovery. In accordance with Federal Rule of Evidence 502, except when a party intentionally waives attorney-client privilege or work-product protection by disclosing such information and indicating its intention to waive privilege to an adverse party, the disclosure of attorney-client or work-product protected information does not constitute a waiver in this or any other proceeding. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information returned, and no party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

4. A party shall designate as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" only those materials that that party in good faith believes constitutes material used by it in, or pertaining to, its business which matter is not generally known and which the party would

normally not reveal to third parties or would cause third parties to maintain in confidence. One who provides material may designate it as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" only when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential information as defined in Paragraphs 1-2. "Confidential" and "Highly Confidential Outside Attorneys' Eyes Only" information shall be used by any recipient solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

5. Information designated as "Confidential" may be disclosed only to the following persons:

a. outside and in-house counsel working on this action on behalf of any party (including the law firms Bates & Bates, L.L.C., Carlson, Gaskey & Olds, P.C., Varnum L.L.P., and Wilmer Cutler Pickering Hale and Dorr LLP), including paralegals, secretaries, assistants, and stenographic and clerical employees working under the supervision of such counsel;

b. independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties and/or Gibson/Heritage Competitors, as defined below (or their parents, subsidiaries, affiliates, or related companies), with disclosure only to the extent necessary to perform such work. In no event may the parties or their counsel disclose any materials designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" to any Gibson/Heritage Competitor, i.e., manufacturers of guitars or guitar accessories/equipment, whether or not the Gibson/Heritage Competitor has executed Exhibit A to this Order;

c. no more than three (3) employees of each party, to be identified by each party, with disclosures only to the extent necessary to perform such work; and

d. the United States District Court for the Western Division of Michigan (hereinafter "the Court").

6. Information designated as "Highly Confidential Outside Attorneys' Eyes Only" may be disclosed only to the following persons:

   a. outside counsel of record working on this action on behalf of any party (including the law firms Bates & Bates, L.L.C., Varnum L.L.P., and Wilmer Cutler Pickering Hale and Dorr LLP), including paralegals, secretaries, assistants, and stenographic and clerical employees working under the supervision of such counsel;

   b. independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties and/or Gibson/Heritage Competitors, with disclosure only to the extent necessary to perform such work; and

   c. the Court

7. The persons described in paragraphs 5(b) and (c) shall have access to the "Confidential" information, and the persons described in paragraph (6)(b) shall have access to the "Highly Confidential Outside Attorneys' Eyes Only" information, once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGEMENT," which shall be maintained and kept by counsel. The persons receiving "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information are enjoined from disclosing it to any other person, except in conformance with this Order.

8. Each individual who received any "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information under this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purposes of any proceedings relating to performance under, compliance with, or violation of this Protective Order.

9. The recipient of any "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information that is provided under this Order shall maintain such information confidential in accordance with the "ACKNOWLEDGEMENT" attached to this Order.

10. Parties shall designate "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information and materials as follows:

    a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY." In the event that a disclosing party discovers a failure to mark qualified information as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only," the other party shall be notified immediately, and the following corrective action shall be taken:

        i. The receiving party shall notify all persons who have received the information or document that they are designated "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" and must be treated as designated in this Order;

        ii. The receiving party shall take all reasonable steps to place the applicable "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" label on the designated information and/or documents.

    b. Information disclosed at a deposition may be designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" under the following circumstances: (1) by indicating on the record during the deposition that the testimony is "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" and subject to the provisions of this Order, in which case the court reporter will be directed to produce a separate, confidential transcript or to indicate on the caption page of the transcript that some or all of its contents are governed by this Order and by marking such pages

containing "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only"; or (2) within thirty (30) days following receipt of the transcript by counsel for the designating party, by notifying all parties in writing of the specific pages of the transcript that are to be treated "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" thereafter.

        c.   Transcripts of discovery depositions designated under this Order will not be filed with the Court unless it is necessary to do so for purposes of motions, trial, motions for summary judgment, or other matters.  If a discovery deposition transcript is filed and if it contains "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

        11.   A party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party ten-days prior written notice of this disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court following the specified ten-day period.  The burden of proving that information has been properly designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" is on the party asserting such designation.

        12.   Only those discovery materials (or any such portion thereof) that may be necessary to any motion shall be filed with the Court.  Parties who seek to use any materials or papers, or any portion thereof that disclose information designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" under this Order shall follow the Court's instructions for filing documents under seal, which are set forth in Local Rule 10.6.  Whenever materials subject to this Order are proposed to be filed in the Court record under seal, the party making such filing must

separately and immediately before the document(s) sought to be sealed submit a motion pursuant to Western District of Michigan Local Rule 10.6.  Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall file such motion; provided, however, that the filing of the motion shall be wholly without prejudice to the filing party's rights under Paragraph 11 of this Confidentiality Order.

13. In the event that any "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information is used during this litigation, it shall not lose its "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14. This Order shall survive the final termination of this or related proceedings to the extent that the "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information and materials have not or do not become known to the public.

15. Nothing in this Order shall preclude any party to the civil action, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this proceeding and designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only."

16. Nothing in this Order shall preclude any party to the proceeding or their attorneys: (a) from showing a document designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only."  Nothing in this Order will bar or otherwise restrict any

attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information and materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney will not make specific disclosure to any person of any "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information and materials.

17. Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

18. Any person or an entity that is not a party to this litigation may take advantage of the protection of "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information and materials provided by this Order, and such person or entity shall be entitled to all rights and protections afforded the disclosing party under this Order.

19. Within sixty (60) days of the termination of litigation between the parties, all "Confidential" and "Highly Confidential Outside Attorneys' Eyes Only" information and all copies thereof shall be returned to the party that produced it or be destroyed.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including appeals.

20. This Order is without prejudice to the right of either party to seek relief from to Court, upon good cause shown, from any of the provisions contained in it.

**IT IS SO ORDERED**

Dated:  __9/28__, 2021
       Grand Rapids, Michigan

                                            /s/ Ray Kent
                                      _____
                                      Ray Kent
                                      United States Magistrate Judge

| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
|---|---|

VARNUM LLP

Gary J. Mouw
(P69236)
333 Bridge Street NW Suite 1700
Grand Rapids, MI 49504
(616) 336-6000
gjmouw@varnumlaw.com

and

By:  */s/ Mark G. Matuschak*
Mark G. Matuschak
Mark A. Ford
Vinita Ferrera
Allyson Slater
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6559 (t)
(617) 526-5000 (f)
Mark.matuschak@wilmerhale.com

Holly A. Ovington
Wilmer Cutler Pickering Hale and Dorr LLP
49 Park Lane
London W1K 1PS
United Kingdom

Jared D. Hoffman
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007

BATES & BATES, LLC

By:  */s/ Andrea E. Bates*
Telephone: (404) 228-7439
Andrea E. Bates
Pro Hac Vice
Kurt Schuettinger
Pro Hac Vice
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com

Steven Susser
Carlson, Gaskey & Olds, P.C.
400 W Maple Road, Ste 350
Birmingham, MI 48009
(248) 283-0734
ssusser@cgolaw.com