# EXHIBIT A

## SETTLEMENT AGREEMENT

This Agreement is made August 29, 1991, by and among Gibson Guitar Corp., a corporation of the State of Delaware with a place of business at 641 Massman Drive, Nashville, Tennessee 37210 (hereinafter "Gibson"), Heritage Guitar, Inc., a Michigan corporation having a place of business at 225 Parsons Street, Kalamazoo, Michigan 49007 (hereinafter "Heritage"), and Lasar Music Corp., a New Jersey corporation having a place of business at 500 Wilson Pike Circle, Suite 120, Brentwood, Tennessee 37027 (hereinafter "Lasar").

WHEREAS, the parties are involved in litigation styled Gibson Guitar Corp. v. Heritage Guitar, Inc. and Lasar Music Corp., Civil Action No. 3-90-0009, presently pending in the United States District Court for the Middle District of Tennessee, Nashville, Division, in which litigation Gibson has accused Heritage of infringing certain trademark rights; and

WHEREAS, the parties are involved in an opposition proceeding styled Heritage Guitar, Inc. v. Gibson Guitar Corp., Opposition No. 80,847, pending before the United States Trademark Trial and Appeal Board, concerning Gibson's application for trademark registration, Serial No. 675,665.

WHEREAS, the parties are desirous of settling their differences and terminating the said litigation;

NOW THEREFORE, in consideration of the mutual promises and agreements contained herein, the parties agree as follows:

1.  The following terms shall have the meaning set forth below unless the context indicates otherwise:

a.  "Affected Guitars" shall mean the current HERITAGE guitar and stringed instrument models identified in paragraph 3 and depicted in Exhibit B.

b.  "Modified Guitars" shall mean the current HERITAGE production model guitars and stringed instruments depicted in Exhibit B but modified in accordance with paragraph 7.

c.  "Production model guitars" shall mean the standard line of guitars and stringed instruments manufactured and/or offered for sale by Heritage and shall include all guitars and stringed instruments depicted or described in any Heritage brochures or advertising. Excluded from the definition of production model guitars are individual custom-made guitars and stringed instruments manufactured by Heritage in response to an individual custom order.

d.  "Individual custom order" shall mean an order which originates from an individual customer, but which may have been relayed to Heritage by a dealer. An order which originates from a dealer is not an individual custom order.

e.  "Gibson Hardware" shall mean the tail piece, bridge and machine heads traditionally used and associated with Gibson guitar models as specifically set forth as follows:

(i) Gibson ABR-1 Tune-O-Matic bridge depicted on page 123, item A in Exhibit D.

(ii) Gibson Tune-O-Matic bridge depicted on page 123, item B in Exhibit D.

(iii) Stop Bar Tailpiece depicted as item C, page 123 of Exhibit D.

(iv) TP-6 Fine Tune Tailpiece depicted as item D, page 123 in Exhibit D.

(v) Super 400 CES Tailpiece (page 71 of Exhibit D); L5-CES Tailpiece (page 73 of Exhibit D); and Byrdland Tailpiece (page 75 of Exhibit D).

(vi) Hardware bearing the word Gibson or a Gibson registered trademark term.

(vii) Hardware for which Gibson owns proprietary tooling.

(viii) Hardware for which Gibson has a patent (for the life of the patent).

f.   "H-150 Series" shall mean the H-150CM, H-157, H-150 Deluxe, the "Gary Moore" model, the "Mark Slaughter" model or any current or future Heritage guitar model having substantially the same configuration or design as the models listed in this subparagraph.

2.   a.   Gibson owns Federal Registration No. 1,020,485, issued September 16, 1975, for its distinctive DOVE WING PEGHEAD trademark (attached as Exhibit A-1), and Federal Registration No. 1,022,637, issued October 14, 1975, for its

-3-

distinctive BELL-SHAPED TRUSS ROD COVER trademark (attached as Exhibit A-2). Said registrations are valid, subsisting and incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and constitute conclusive evidence of Gibson's exclusive right to use the marks.

      b.  Gibson also asserts that it owns unregistered trademarks, valid at common law, in the designs and configurations of the following guitars:

        (1)  LES PAUL series (a representative illustration of which is attached as Exhibit A-3);

        (2)  ES "double cutaway" series (a representative illustration of which is attached as Exhibit A-4);

        (3)  ES "single cutaway" series (a representative illustration of which is attached as Exhibit A-5);

        (4)  L5 series (a representative illustration of which is attached as Exhibit A-6); and

        (5)  FIREBIRD/THUNDERBIRD series (a representative illustration of which is attached as Exhibit A-7).

Gibson asserts that the distinctive trademarks present in the aforesaid designs and configurations include, but are not limited to, peghead shapes, body shapes, peghead inlays, fingerboard inlays, truss rod covers, pick guards, F-hole shapes, tailpieces, control and switch arrangements and positions, and combinations of all of these. These features are

asserted by Gibson to be distinctive and to have acquired a secondary meaning so that they are recognized by the public to indicate guitars originating with Gibson. Heritage does not acknowledge the validity of Gibson's asserted unregistered trademarks. Nevertheless, Heritage agrees that they have waived any right to challenge the asserted validity of the unregistered trademarks and are estopped to do so in the future.

3.   Gibson asserts that Heritage has produced and sold guitars embodying designs or configurations similar to Gibson's trademarks. Heritage's guitars (and the corresponding Gibson trademarks) include the following model designations as identified in Heritage's advertising brochure attached hereto as Exhibit B.

| Gibson's Design | Heritage's Models |
|---|---|
| LES PAUL series | H-150 series |
| ES "double cutaway" series | H-535, 555 |
| ES "single cutaway" series | H-575, 576 |
| L5 series | Super Eagle, Eagle TDC |
| FIREBIRD/THUNDERBIRD series | H-357 |
| BELL-SHAPED TRUSS ROD COVER | All guitar models |

4.   Heritage shall discontinue production and sale of the models identified in paragraph 3 except as modified in accordance with this Agreement, and shall not use on or in connection with guitars or like musical instruments any design or configuration substantially or confusingly similar to any of the following designs of Gibson:

a.   Federal Registration No. 1,020,485 for DOVE WING PEGHEAD;

b.   Federal Registration No. 1,022,637 for BELL-SHAPED TRUSS ROD COVER;

c.   LES PAUL series (including Federal Trademark Application Serial No. 675,665 for the body portion of a guitar and any federal registration granted on this application);

d.   ES "double cutaway" series;

e.   ES "single cutaway" series;

f.   L5 series; and

g.   FIREBIRD/THUNDERBIRD series.

5.   Notwithstanding paragraph 4, Heritage shall be allowed to dispose of existing inventory of Affected Guitars to the extent permitted below.

6.   Any modification of Heritage's guitars and stringed instruments (including mandolins and banjos) expressly permitted below shall not be deemed to be in violation of paragraph 4. Gibson agrees that it will not commence any legal action or proceeding asserting that the Modified Guitars violate any of Gibson's trademarks.

7. a.   Heritage shall change the design of its production model guitars by changing the following features of the guitars listed below to that depicted in Exhibits C-1 through C-4.

| Modified Design Feature | Heritage's Current Model Designations |
|---|---|
| TRUSS ROD COVER Exhibit C-1 | All guitar models |
| PICK GUARD Exhibit C-2 | All H-150 series guitars |
| HORN DIMENSION Exhibit C-3 | All H-150 series guitars |
| PEGHEAD Exhibit C-4 | H-357 |
| Removal of switch washer | H-150CM |

Gibson agrees that the Heritage production model guitar with all of the modifications set forth above do not violate paragraph 4, provided however that all other features of the production model guitars are the same as depicted in Exhibit B for the particular production model guitar. The Modified Guitar models approved by this provision shall include only complete designs consisting of the hardware and pegheads depicted in Exhibit B and all modified features identified above. Heritage shall not use Gibson Hardware on any production models of the Modified Guitars, but may do so in response to an individual custom order. Furthermore, Heritage will not use hardware which more closely resembles Gibson Hardware. Notwithstanding any other provision in this subparagraph, Heritage may use Gibson Hardware or hardware which more closely resembles Gibson Hardware in the event that alternative hardware of comparable quality is not available. If Heritage believes that no alternative hardware of comparable quality is available, Heritage shall notify and consult with the president of Gibson.

-7-

b. Any production model guitar manufactured by Heritage which does not comply with the approved designs and is closer in appearance to Gibson's registered and unregistered trademarks shown in Exhibits A-1 through A-7 shall be subject to being challenged by Gibson as a violation of this Agreement. Furthermore, any production model guitar manufactured by Heritage which violates paragraph 4 or any individual custom order guitar manufactured by Heritage which violates paragraph 8 d shall be subject to being challenged by Gibson as a violation of this Agreement.

c. Heritage shall make the design changes required by this Agreement on all of the Affected Guitars marketed by or for Heritage throughout the world. Additionally, Heritage shall eliminate all use of the truss rod covers depicted in Exhibit B on all of Heritage's guitars throughout the world.

8. a. Heritage shall terminate all production and sale of Affected Guitars no later than ninety days from the date of this Agreement, except that Heritage shall have until one year from the date of this Agreement to sell or otherwise dispose of all such guitars which (i) were in Heritage's inventory as of the date of this Agreement; (ii) had been ordered as of the date of the Agreement; or (iii) are ordered within ninety days of the execution of this Agreement; provided, however, that such orders filled within ninety days shall not exceed one-third of Heritage's total sales for the models in question for the preceding twelve months. Any remaining Affected Guitars after one year from the date of this Agreement shall be

destroyed; provided, however, that Heritage is not required to destroy the first prototype guitar of each of its models.

b.   Heritage shall not order any advertising or promotional materials showing any of the Affected Guitars after the effective date of this Agreement, and Heritage shall dispose of any printed materials and inventory showing such guitars no later than one year from the date of this Agreement.

c.   Heritage shall have until 90 days from the date of this Agreement, (i) to add a disclaimer to its existing catalogs indicating that the truss rod covers, all H-150 series guitars and the H-357 model have been modified; and (ii) to prepare and disseminate catalog inserts which depict the modifications to the Modified Guitars. Thereafter, Heritage shall not distribute any materials depicting the Affected Guitars without the aforesaid disclaimer and inserts.

d.   Notwithstanding paragraph 7, Heritage may in the future alter the designs of the Modified Guitars to fill individual custom orders; provided, however, that the peghead, pick guards and truss rod covers shall not be changed to be closer in appearance to the designs used for the comparable Gibson models. Under no circumstances, however, shall Heritage solicit in any way individual custom orders for any specific guitar design and/or shape which are the same as or substantially similar to the Affected Guitars. Furthermore, Heritage may not, in any one calendar year, fill individual custom orders for more than 75 guitars which would be violative

of the terms of this Agreement if the guitars were production
model guitars.

9. Gibson agrees that Heritage may continue to use the
name "Heritage." Gibson also agrees that it will not expand its
use of the name "Heritage" beyond its past and/or present use
of the name.

10. Heritage shall pay to Gibson the sum of $10,000 within
ten days of the execution of this Agreement, and will pay an
additional $2,000 every year for five years on the anniversary
of this Agreement.

11. Heritage shall not use, and shall make good faith
efforts to instruct its agents and distributors not to use, in
describing Heritage models, any Gibson model names, such as Les
Paul, LP, Firebird, ES, and/or any other model name currently
or formerly used by Gibson. This paragraph shall not apply to
the names Heritage, Johnny Smith, and Kalamazoo.

12. Lasar agrees to honor and abide by the terms of this
Settlement Agreement. Lasar further agrees not to promote
Heritage in any way or in any terminology as the original
Gibson.

13. No party shall publish for general circulation, such
as by press release, mass mailing, trade journal interview or
the like, the details of this Settlement Agreement, except
however, that any party may disseminate the Press Release
exhibited to this Agreement, and/or may publish statements
which in substance reiterate the terms of the Press Release. In
addition, the parties may publicly state that the lawsuit was

-10-

resolved on a satisfactory basis. Furthermore, Gibson may disclose the details of the Settlement Agreement in confidence to future opposing litigants or potential litigants, and to any judicial tribunal, in matters involving related issues where it is relevant for Gibson to establish its prior history in the protection of the marks involved in this litigation. Any such detailed disclosure shall be made under an agreement of confidentiality between Gibson and the receiving party, or under any terms on which disclosure may be directed by any judicial tribunal.

14. In the event either party believes the other has violated the terms of this Agreement, it shall give written notice of the breach to the other party who shall then have thirty days to cure the alleged violation. Thereafter, the aggrieved party may apply to the Court for an immediate injunction to enforce this Agreement. The prevailing party shall be entitled to an award of costs and reasonable attorney's fees in successfully obtaining or successfully defending against an injunction.

15. The parties shall enter a consent agreement concerning the configuration which is the subject of Application Serial No. 675,665 in the form attached as Exhibit E, and Heritage shall dismiss with prejudice the Opposition proceeding identified above.

16. The parties shall enter and file an Agreed Order of Settlement and Compromise in the form attached as Exhibit F in the pending civil action identified above. Neither party shall

-11-

have any further obligation to pay any costs or expenses of any other party.

17. Any notices under this Agreement will be given to the other party or parties in writing by certified or registered mail, return receipt requested, at the addresses set forth in the preamble hereof.

18. Waiver by any party of any breach of this Agreement shall not be deemed a waiver of similar or other breaches hereof, nor shall the failure of any party to take any action by reason of such breach deprive such party of the right to take such action at any time while such breach continues.

19. This Agreement shall be binding upon the parties, individual shareholders of the parties, and their successors and assigns.

20. Gibson hereby releases Heritage from any liability for past sales of Affected Guitars or for additional sales of such guitars, as permitted by the terms of this Agreement.

21. This Agreement constitutes the entire agreement between the parties, and all prior agreements and negotiations are merged herein.

22. This Agreement shall be construed under the laws of the State of Tennessee. This Agreement shall have worldwide application.

IN WITNESS HEREOF, the parties hereto have caused this Agreement to be executed in triplicate by their duly authorized

-12-

officers who have authority from their respective corporations to enter in to this Agreement and bind the incorporations accordingly.

GIBSON GUITAR CORP.

By: _____
    DAVID BERRYMAN, President

Date: _____

WITNESS:

HERITAGE GUITAR, INC.

By: _____

Title: _____

Date: _____8-29-91_____

WITNESS:

By: _____

Title: _____

Date: _____

WITNESS:

-13-

HERITAGE GUITAR, INC.

By: _____

Title: _____

Date: _8/29/91_____

WITNESS: _____

LASAR MUSIC CORP.

By: _____

Title: ___President_____

Date: _8/29/91_____

WITNESS: _____

6268F/8-29-91

-14-

Prior U.S. Cl.: 36                                    R No. 1,020,485
                                                      Registered Sept. 16, 1975

# United States Patent Office

## TRADEMARK
### Principal Register



Nortin Music, Inc. (Delaware corporation)
7373 N. Cicero Ave.
Chicago, Ill.  60646

For: STRING INSTRUMENTS, in CLASS 15 (U.S. Cl. 36).

First use at least as early as 1922; in commerce at least as early as 1922.

The mark represents a design for a pig-head profile.
Owner of Reg. Nos. 895,535, 918,934, and others.

Ser. No. 19,795, filed Apr. 25, 1974.

CHARLES R. FOWLER, Supervisory Examiner
RICHARD A. STRASER, Examiner

REGISTERED FOR A TERM OF 20 YEARS FROM   Sept. 16, 1975

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATION OF ALL STATUTORY ACTIONS THEREON, AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE TO BE IN: Gibson Guitar Corp. a corp. of Del.

Attest

DEC 2 9 1988

Attesting Officer

COMMISSIONER OF PATENTS AND TRADEMARKS

EXHIBIT A-1

Int. Cl.: 15

Prior U.S. Cl.: 36

Reg. No. 1,022,637
Registered Oct. 14, 1975

## United States Patent Office

## TRADEMARK
### Principal Register



Norlin Music, Inc. (Delaware corporation)
7373 N. Cicero Ave.
Chicago, Ill.  60646

For: STRING INSTRUMENTS, in CLASS 15 (U.S. Cl. 36).

First use at least as early as 1922; in commerce at least as early as 1922.

The mark consists of a truss cover plate in a bell shape.

Ser. No. 16,410, filed Mar. 20, 1974.

CHARLES R. FOWLER, Supervisory Examiner
RICHARD A. STRASER, Examiner

REGISTERED FOR A TERM OF 20 YEARS FROM      Oct. 14, 1975

COMB. AFF. SEC 8 & 15.

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATIONS
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DIS-
CLOSED BY THE RECORDS OF THE UNITED STATES PATENT
AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE
TO THE Gibson Guitar Corp. a corp.
of Del.

Attest

DEC 2 1988

Attesting Officer

COMMISSIONER OF PATENTS

EXHIBIT 2



A. 4



A.5



A 6



17.7



Bill Paige          Marvin Lamb          Jim Deurloo          J.P. Moats

## Company History

Our owners have over 100 years of guitar building experience. Each Heritage craftsman has practiced his art for at least 20 years in Kalamazoo. The original producers of many of the world's best-known and most popular instruments are still making individually handcrafted instruments in Kalamazoo - carrying on the Heritage. Try one of our instruments. They speak for themselves. For further information on our company, our products, and other services, please contact us, or see your local Heritage dealer.







Roy Clark          Henry Johnson          Gary Moore

# HERITAGE ARTISTS

- Max Troy Barnes
- David Becker
- Larry Boone
- Doug Boyle
- Clarence "Gatemouth" Brown
- Jimmy Capps
- Carl Carlton
- Robin Crow
- Charlie Davis

- Chris Deburgh
- Victor DeLorenzo
- Steve Fister
- Harold Floyd
- Gordon Gano
- Jack Greene
- Dug Grieves
- Tony Hicks
- Warner Hodges

- Carl Jackson
- Jeff Jared
- Ray Kirkland
- Dave Kiswiney
- Billy Linneman
- Bob Mair
- Vic Mastrianni
- Matt Murphy
- Fred Newell

- Ted Nugent
- Leon Rhodes
- Jason Ringenberg
- Brian Ritchie
- Frank Russell
- Kevin Salyer
- Bob Saxton
- Johnny Smith
- Derek St. Holmes

- Doc Stone
- Gordon Terry
- Dow Tomlin
- Rem Wall
- Luther Wamble
- Dottie West
- Tommy Wild
- Spider Wilson
- Paul Yandell

## AMERICAN EAGLE

**FINISH**
Natural

**NECK**
17-degree peghead pitch; 5-piece curly or bubble maple.

**HEAD VENEER**
Bound in red, white and blue; inlaid with mother of pearl and wood.

**BACK VENEER**
Inlaid mother of pearl liberty bell and registration number.

**FINGERBOARD**
25-1/2" scale ebony board bound in red, white and blue; cloud inlays in mother of pearl and abalone depicting American heritage.

**BODY**
17-inch solid carved; spruce top x-braced and tuned; f-holes bound in red, white and blue; curly or bubble maple tuned back; curly or bubble maple rim; red, white and blue binding on top and back.

**HARDWARE**
High quality individual gold-plated machine heads; Liberty Bell shaped gold plated tailpiece; ebony bridge inlaid with mother of pearl; pearl truss rod cover engraved with owner's name.

**ELECTRONICS**
One Heritage jazz pickup mounted to red, white and blue bound curly or bubble maple pickguard with mother of pearl inlay.

## H-150 DELUXE

**LIMITED EDITION**
Limited edition with inked serial number.

**FINISH**
ASB, ACB or Almond SB.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**HEAD VENEER**
Bound curly maple.

**FINGERBOARD**
24-3/4" scale cream bound rosewood board with mother of pearl trapezoid inlays.

**BODY**
Solid carved curly maple top; solid, scarfed mahogany back; cream, multiple-bound top.

**HARDWARE**
Individual chrome-plated machine heads; chrome stop bar tailpiece; adjustable chrome bridge; bound curly maple pickguard (matched to head veneer).

**ELECTRONICS**
Two chrome covered humbucking pickups; two volume and two tone controls with selector switch.

**CASE**
Special limited edition.

## GOLDEN EAGLE

**FINISH**
ASB or natural.

**NECK**
17-inch peghead pitch; 5-piece curly maple neck.

**HEAD VENEER**
Multiple-bound, inlaid with mother of pearl eagle.

**BACK VENEER**
Inlaid with mother of pearl eagle and registration number plate.

**FINGERBOARD**
25-1/2" scale, multiple-bound ebony board with mother of pearl cloud inlays.

**BODY**
17-inch solid carved; spruce top x-braced; bound f-holes; curly maple back and rim; multiple-bound top and back.

**HARDWARE**
High quality individual gold plated machine heads; gold plated bail tailpiece; ebony bridge inlaid with mother of pearl; mother of pearl truss rod cover engraved with owner's name.

**ELECTRONICS**
One Heritage jazz pickup mounted to a multiple-bound curly maple pickguard.



## SUPER EAGLE

**FINISH**
ASB or natural.

**NECK**
17-degree peghead pitch; 5-piece curly maple neck.

**HEAD VENEER**
Multiple-bound and inlaid with mother of pearl eagle.

**FINGERBOARD**
25-1/2" scale, multiple-bound ebony board with split block mother of pearl inlays.

**BODY**
18-inch solid carved body; spruce top with parallel bracing; bound f-holes; curly maple back and rim; multiple-bound top and back.

**HARDWARE**
High quality individual gold plated machine heads; gold plated bail tailpiece; ebony bridge inlaid with mother of pearl; mother of pearl truss rod cover; curly maple, multiple-bound pickguard.

**ELECTRONICS**
Two gold covered humbucking pickups; two volume and two tone controls and selector switch.



## EAGLE TDC (THIN BODY)

**FINISH**
ASB or natural.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
25-1/2" scale rosewood board with mother of pearl position markers.

**BODY**
17" solid carved body; mahogany top with parallel bracing; mahogany back and rim; single cream bound top and back.

**HARDWARE**
Individual nickel or gold plated machine heads; nickel or gold plated bail tailpiece; rosewood bridge; mahogany pickguard.

**ELECTRONICS**
Two chrome or gold plated humbucking pickups; two volume and two tone controls and selector switch.

## SWEET 16

**FINISH**
Almond SB or natural.

**NECK**
17-degree peghead pitch; 5-piece curly maple neck.

**HEAD VENEER**
Multiple-bound; inlaid with mother of pearl "Sweet 16".

**FINGERBOARD**
25-1/2" scale, multiple bound ebony board with split block mother of pearl inlays.

**BODY**
16-inch solid carved body; spruce top with x-bracing; curly maple back and rim; multiple-bound top and back.

**HARDWARE**
Individual gold plated machine heads; gold plated bail tailpiece; ebony bridge inlaid with mother of pearl.

**ELECTRONICS**
One Heritage jazz pickup mounted to multiple-bound curly maple pickguard.

## EAGLE

**FINISH**
ASB or natural.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
25-1/2" scale rosewood board with mother of pearl position markers.

**BODY**
17-inch solid carved body; mahogany top with x-bracing; mahogany back and rim; single cream bound top and back.

**HARDWARE**
Individual nickel or gold plated machine heads; nickel or gold plated bail tailpiece; rosewood bridge.

**ELECTRONICS**
One Heritage jazz pickup mounted to mahogany pickguard.



**H-535**

**FINISH**
ASB or natural.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
24-3/4" scale cream bound rosewood board with mother of pearl position markers.

**BODY**
Semi-hollow body; laminated curly maple top and back; solid curly maple rim; single cream bound top and back.

**HARDWARE**
Individual chrome plated machine heads; chrome plated stop bar tailpiece and adjustable bridge; bound curly maple pickguard.

**ELECTRONICS**
Two chrome plated humbucking pickups; two volume and two tone controls with selector switch.

**H-574**

**FINISH**
ASB or natural.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
24-3/4" scale rosewood with mother of pearl position markers.

**BODY**
16-inch semi-hollow body; laminated curly maple top and back; solid curly maple rim; cream bound top and back.

**HARDWARE**
Individual chrome plated machine heads; chrome plated stop bar tailpiece and adjustable bridge; cream plastic pickguard.

**ELECTRONICS**
Two chrome plated humbucking pickups; two volume and two tone controls with selector switch.

**H-555**

**FINISH**
Almond SB, ASB or natural.

**NECK**
17-degree peghead pitch; one-piece curly maple neck.

**HEAD VENEER**
Bound; inlaid with mother of pearl and abalone.

**FINGERBOARD**
24-3/4" scale, bound ebony board with mother of pearl and abalone inlays.

**BODY**
Semi-hollow body; laminated curly maple top; bound f-holes; laminated curly maple back; solid curly maple rim; multiple-bound top; single white bound back.

**HARDWARE**
Individual gold plated machine heads; gold plated stop bar tailpiece and adjustable bridge; bound curly maple pickguard.

**ELECTRONICS**
Two gold plated humbucking pickups; two volume and two tone controls with selector switch.



## H-550

**FINISH**
ASB or natural.

**NECK**
17-degree peghead pitch;
one-piece curly maple neck.

**HEAD VENEER**
Bound; inlaid with mother of pearl.

**FINGERBOARD**
25-1/2" scale bound ebony board with
split block mother of pearl inlays.

**BODY**
17-inch semi-hollow body; laminated curly
maple top; bound f-holes; laminated curly
maple back; solid curly maple rim; multiple-
bound top, single white bound back.

**HARDWARE**
Individual chrome plated machine heads;
chrome plated ball tailpiece; chrome adjustable
bridge; multiple-bound curly maple pickguard.

**ELECTRONICS**
Two chrome plated humbucking pickups; two
volume and two tone controls with selector
switch.

## H-576

**FINISH**
ASB or
natural.

**NECK**
17-degree
peghead pitch;
one-piece
mahogany neck.

**HEAD VENEER**
Bound curly maple.

**FINGERBOARD**
24-3/4" scale
bound rosewood
board with
mother of pearl
block inlays.

**BODY**
16-inch semi-hollow
body; laminated curly
maple top; bound f-holes;
laminated curly maple
back; solid curly maple
rim; multiple-bound top,
single cream bound back.

**HARDWARE**
Individual chrome plated
machine heads; chrome
plated stop bar tailpiece and
adjustable bridge; bound curly
maple pickguard.

**ELECTRONICS**
Two chrome plated humbucking
pickups; two volume and two tone
controls with selector switch.

## H-575

**FINISH**
ASB or natural.

**NECK**
17-degree peghead
pitch; one-piece
mahogany neck.

**FINGERBOARD**
24-3/4" scale rosewood;
mother of pearl position
markers.

**BODY**
16-inch solid carved
body; curly maple top
with parallel bracing;
curly maple back and rim;
cream bound top and back.

**HARDWARE**
Individual chrome plated
machine heads; chrome plated
ball tailpiece; rosewood
compensated bridge; curly
maple pickguard.

**ELECTRONICS**
Two chrome plated humbucking
pickups; two volume and two tone
controls with selector switch.

## H-147

**FINISH**
Black or white.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**HEAD VENEER**
Bound; mother of pearl inlay.

**FINGERBOARD**
24-3/4" scale bound ebony board with mother of pearl block inlays.

**BODY**
Solid carved plain maple top; solid mahogany back; multiple-bound top and back.

**HARDWARE**
Individual gold plated machine heads; gold plated stop bar tailpiece and adjustable bridge; black revealed edge pickguard.

**ELECTRONICS**
Two gold covered humbucking pickups; two volume and two tone controls with selector switch.

## H-157

**FINISH**
Black or white.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**HEAD VENEER**
Multiple-bound; mother of pearl inlay.

**FINGERBOARD**
24-3/4" scale bound ebony board with mother of pearl block inlays.

**BODY**
Solid carved maple top; solid mahogany back; multiple-bound top and back.

**HARDWARE**
Individual gold plated machine heads; gold plated stop bar tailpiece and adjustable bridge; black revealed edge pickguard.

**ELECTRONICS**
Two gold covered humbucking pickups; two volume and two tone controls with selector switch.



## H-140CM

**FINISH**
ASB or ACB.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
24-3/4" scale rosewood; mother of pearl position markers.

**BODY**
Solid carved curly maple top; solid mahogany back; cream bound top.

**HARDWARE**
Individual chrome plated machine heads; chrome plated stop bar tailpiece and adjustable bridge; cream plastic pickguard.

**ELECTRONICS**
Two humbucking pickups; two volume and two tone controls with selector switch.

### H-140M
Same as H-140CM except carved mahogany top.

### H-140 Gold Top.
Same as H-140CM except carved plain maple top.




## H-150CM

**FINISH**
ASB or ACB.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
24-3/4" scale bound rosewood with mother of pearl trapezoid inlays.

**BODY**
Solid carved curly maple top; solid mahogany back.

**HARDWARE**
Individual chrome plated machine heads; chrome plated stop bar tailpiece and adjustable bridge; cream plastic pickguard.

**ELECTRONICS**
Two chrome covered humbucking pickups; two volume and two tone controls with selector switch.

## H-357

**FINISH**
Black, red, blue or white.

**NECK**
17-degree peghead pitch: solid mahogany neck through the body.

**FINGERBOARD**
24-3/4" scale rosewood: mother of pearl position markers.

**BODY**
Mahogany wings.

**HARDWARE**
Individual chrome plated machine heads; chrome plated stop bar tailpiece and adjustable bridge.

**ELECTRONICS**
Two humbucking pickups; two volume and two tone controls with selector switch.

## HB-2 BASS

**FINISH**
ASB, ACB or black.

**NECK**
One-piece maple bolt-in neck.

**FINGERBOARD**
34" scale rosewood.

**BODY**
Scarfed, hardwood body.

**HARDWARE**
Chrome plated adjustable bridge.

**ELECTRONICS**
One split, series/parallel pickup and one bridge-position pickup; two volume controls and a master tone control.

**OPTIONAL**
HB-1 Bass with one split, series parallel pickup with one volume and one tone control and a series parallel mini switch.

## STAT

**FINISH**
ASB. ACB or solid cherry.

**NECK**
17-degree peghead pitch: one-piece mahogany neck.

**FINGERBOARD**
25-1/2" scale rosewood: mother of pearl postion markers.

**BODY:**
Solid curly maple top; solid mahogany scarfed back.

**HARDWARE**
Individual chrome plated machine heads; chrome plated stop bar tailpiece and adjustable bridge (Kahler bridge optional).

**ELECTRONICS**
Two single coil pickups and one humbucking pickup: coil tap on humbucking pickup.

## SAE CUTAWAY

**FINISH**
Antique natural top or translucent emerald green, amber, blue, red or almond.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
24-3/4" scale bound rosewood; mother of pearl position markers.

**BODY**
Solid carved maple top with hardwood back.

**HARDWARE**
Individual chrome plated machine heads; chrome plated stop bar tail-piece and adjustable bridge.

**ELECTRONICS**
Michael Christian pickup in bridge; humbucking pickups optional.



**H-445**

**FINISH**
Walnut rim, back and neck. Natural or ASB top.

**NECK**
Maple neck.

**FINGERBOARD**
25-1/2" scale rosewood; mother of pearl position markers.

**BODY**
Solid spruce top; mahogany rim and back.

**HARDWARE**
Individual chrome plated machine heads; rosewood bridge.

**H-480**

**FINISH**
Walnut rim, back and neck. Natural or ASB top.

**NECK**
17-degree peghead pitch; one-piece, mahogany neck.

**FINGERBOARD**
25-1/2" scale, rosewood; mother of pearl position markers.

**BODY**
Solid spruce top; solid mahogany rim; solid carved mahogany back.

**HARDWARE**
Individual chrome plated machine heads; rosewood bridge.

**FINISH**
Walnut rim, back and neck. Natural or ASB top.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
25-1/2" scale rosewood; mother of pearl position markers.

**BODY**
Solid spruce top; solid mahogany rim and back.

**HARDWARE**
Individual chrome plated machine heads; rosewood bridge.

**KALAMAZOO STANDARD BANJO**

**FINISH**
Honey stain.

**NECK**
One-piece curly maple neck.

**HEAD VENEER**
Mother of pearl hearts and flowers inlays.

**FINGERBOARD**
26-3/16" scale ivoroid-bound ebony board with mother
of pearl hearts and flowers inlays.

**BODY**
3-ply maple rim; curly maple resonator bound in ivoroid.

**HARDWARE**
Individual machine heads with pearlescent buttons; nickel
plated tailpiece; maple bridge with ebony top.

**H-5 MANDOLIN**

**FINISH**
ASB.

**NECK**
One-piece curly maple.

**HEAD VENEER**
Bound; mother of pearl and
abalone inlays.

**FINGERBOARD**
13-7/8" scale bound
ebony; mother of
pearl position
markers.

**BODY**
Solid carved spruce
top; solid carved curly
maple back; solid curly
maple rim; tuned top
and back.

**HARDWARE**
Gold machine heads with
pearlescent buttons;
engraved gold tailpiece;
adjustable ebony bridge.

**H-50 MANDOLIN**

**FINISH**
ASB.

**NECK**
One-piece curly maple
neck.

**FINGERBOARD**
13-7/8" scale rosewood;
mother of pearl position
markers.

**BODY**
Solid carved spruce top; solid
carved curly maple back;
solid curly maple rim.

**HARDWARE**
Four-on-a-plate machine
heads; engraved nickel plated tailpiece; adjustable
rosewood bridge.

**H-40 MANDOLIN**
Same specs as H-50 except plain maple rim, back and neck.

## PARSONS STREET V

**FINISH**
ASB or ACB. Also available in translucent emerald green, amber, blue, red or almond.

**NECK**
17-degree peghead pitch; one-piece mahogany neck.

**FINGERBOARD**
25-1/2" scale rosewood board with mother of pearl block inlays.

**BODY**
Solid carved curly maple top; solid mahogany scarfed back.

**HARDWARE**
Individual chrome plated machine heads; chrome plated Kahler tremolo bridge.

**ELECTRONICS**
Two single coil pickups and one humbucking pickup.

**OPTIONAL**
Available with Shadow Piezo tremolo pickup and/or Shadow active humbucking pickup.

## PARSONS STREET III

**FINISH**
Black, red or white.

**NECK**
17-degree peghead pitch; one-piece maple neck.

**FINGERBOARD**
25-1/2" scale rosewood; mother of pearl position markers.

**BODY**
Hardwood with scarfed back.

**HARDWARE**
Black chrome individual machine heads; black chrome Kahler tremolo bridge.

**ELECTRONICS**
Two single coil pickups and one humbucking pickup.

**OPTIONAL**
Available with Shadow Piezo tremolo pickup and/or Shadow active humbucking pickup.

# Heritage Guitar Inc.

225 Parsons Street
Kalamazoo, MI 49007
(616) 385-5721

Sold through: LASAR MUSIC CORP. • P.O. Box 2045 • Brentwood, TN 37027 • (615) 377-4913

Litho USA-89

Instrument Photography By Rendal Wall



EXHIBIT C-1



EXHIBIT C-2



EXHIBIT C-3







EXHIBIT C-4



EXHIBIT D

## EXHIBIT E

## CONSENT AGREEMENT

This Agreement is made _____, 1991, by and between Gibson Guitar Corporation, a corporation of the State of Delaware with a place of business at 641 Massman Drive, Nahsivlle, Tennessee 37210 ("Gibson"), and Heritage Guitar, Inc., a Michigan corporation having a place of business at 225 Parsons Street, Kalamazoo, Michigan 49007 ("Heritage").

WHEREAS, the parties have been involved in litigation styled Gibson Guitar Corporation v. Heritage Guitar, Inc. and Lasar Music Corp., No. 3-90-0009, before the United States District Court for the Middle District of Tennessee, Nashville Division;

WHEREAS, the parties are involved in an opposition proceeding styled Heritage Guitar, Inc. v. Gibson Guitar Corporation, Opposition No. 80,847, before the United States Trademark Trial and Appeal Board concerning Gibson's application for trademark registration, Serial No. 675,665; and

WHEREAS, the parties have agreed to a settlement of those proceedings involving changes to the guitars of Heritage which the parties believe will avoid any likelihood of confusion between their respective guitars.

NOW THEREFORE, the parties agree as follows:

1.    The terms used herein shall have the definitions provided in the Settlement Agreement, dated _____, between the parties ("Settlement Agreement").

2.   Heritage agrees that it will distinguish its H-150 series guitars from the Gibson Les Paul Series guitars through the use of the distinguishing features as set forth in the Settlement Agreement.

3.   Gibson agrees that it will not object to Heritage's manufacture and sale of such guitars in accordance with the terms of the Settlement Agreement based on registration of the configuration which is the subject of application Serial No. 675,665.

4.   The parties believe that Heritage's manufacture and sale of its H-150 series guitars in accordance with the terms of the Settlement Agreement and with the distinguishing features provided in the Settlement Agreement is not likely to cause confusion, mistake or deception among purchasers or others.

5.   Heritage consents to the issuance of the registration of the configuration which is the subject of application Serial No. 675,665, and agrees to dismiss its opposition to that registration with prejudice.

6.   The Settlement Agreement is incorporated as part of this Agreement.

GIBSON GUITAR CORPORATION


By:_____

Title:_____

Date:_____

HERITAGE GUITAR, INC.

By:_____

Title:_____

Date:_____

IN THE UNITED STATE PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

HERITAGE GUITAR, INC.,           )
                                 )
     Opposer,                    )
                                 )
v                                )     Opposition NO. 80,847
                                 )
GIBSON GUITAR CORPORATION,       )
                                 )
     Applicant.                  )

## WITHDRAWAL OF OPPOSTION

Pursuant to Rule 2.106(c) of the Trademark Rules of Practice, opposer, Heritage Guitar, INc., hereby dismisses its opposition to registration of application Serial No. 73/675,665 with prejudice.

HERITAGE GUITAR, INC.


Date: _____     By:_____

                            NORTH & GIDEON
                            Suite 1450
                            Sovran Plaza
                            Nashville, TN 37239
                            615/254-0400

                            Attorneys for Opposer



6268F

## EXHIBIT F

## AGREED ORDER OF SETTLEMENT AND COMPROMISE

The parties have advised the Court that they have settled all claims and issues in this action pursuant to a Settlement Agreement dated _____.

Pursuant to the parties' agreed settlement, it is hereby ORDERED as follows:

1.   All claims asserted in this action are dismissed with prejudice.

2.   The Settlement Agreement of _____ shall be filed under seal with the Clerk of the Court.

3.   This Court shall retain jurisdiction over this matter in the event that any party shall claim in the future that the other party has violated the terms of the above-referenced Settlement Agreement.

4.   Each party shall bear its own costs.


IT IS SO ORDERED.

## PRESS RELEASE

Gibson Guitar Corp. and Heritage Guitar, Inc. have settled the federal lawsuit brought by Gibson in Nashville, Tennessee in January, 1990. Heritage denies any liability. The settlement provides that Heritage will make various design and shape changes in a number of its guitars and will pay Gibson an undisclosed sum of money. Heritage further agrees not to contest the trademark rights asserted by Gibson.