```
 1                 IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF MICHIGAN
 2                           SOUTHERN DIVISION

 3

 4    HERITAGE GUITAR, INC.,

 5             Plaintiff,

 6    vs.                                      Case No: 1:20-cv-229
                                                  Hon. Hala Y. Jarbou
 7    GIBSON BRANDS, INC.,

 8             Defendant.
      _____/
 9
                              MOTION HEARING
10
        HELD BEFORE THE HONORABLE RAY KENT, U.S. MAGISTRATE JUDGE
11
               GRAND RAPIDS, MICHIGAN - JANUARY 27, 2022
12
      APPEARANCES:
13    For the Plaintiff:    GARY J. MOUW
                            Varnum LLP
14                          PO Box 352
                            Grand Rapids, MI 49501-0352
15                          (616) 336-6424

16                          MARK A. FORD
                            Wilmer Cutler Pickering Hale & Dorr LLP
17                          60 State St.
                            Boston, MA 02109
18                          (617) 526-6000

19    For the Defendant:    KURT SCHUETTINGER
                            Bates & Bates LLC
20                          1890 Marietta Blvd., NW
                            Atlanta, GA 30318
21                          (404) 228-7439

22    TRANSCRIBED BY:       MS. MELINDA DEXTER, CSR-4629, RMR, CRR
                            U.S. District Official Court Reporter
23                          602 Federal Building
                            110 Michigan St., NW
24                          Grand Rapids, MI 49503

25
```

1       Grand Rapids, Michigan
2       January 27, 2022
3       1:24 p.m.
4       THE CLERK:  The United States District Court for the
5  Western District of Michigan is now in session.  The Honorable
6  Ray Kent, United States Magistrate Judge, presiding.  Please
7  be seated.
8       THE COURT:  This is 20-cv-229, Heritage v. Gibson.
9       Mr. Mouw and Mr. Ford on behalf of Heritage.
10      Mr. Schuettinger -- jer -- Schuettinger on behalf of
11 Gibson.  We are here on Heritage's motion to extend discovery
12 limits.  It appears in the court's docket at ECF 107.  I've
13 read the motion and the memorandum at ECF 108 and also
14 Gibson's brief in opposition; ECF 110.
15      So anything you guys want to say that's not in your
16 briefs, happy to hear it.
17      MR. FORD:  Your Honor --
18      THE COURT:  Have at it.  Mr. Ford?
19      MR. FORD:  Ford.  So just to address some of the
20 points.  As we mentioned in the brief, it's a modest request
21 given the new antitrust claims.  In -- in --
22      THE COURT:  And you know what?  I just changed my
23 mind.
24      MR. FORD:  Sure.
25      THE COURT:  Can you sit down?

|   |   |
|---|---|
| 1 | MR. FORD:  Sure. |
| 2 | THE COURT:  I'm granting the motion, and each side |
| 3 | will get five more, what is it, interrogatories; five more |
| 4 | document requests? |
| 5 | MR. FORD:  Correct. |
| 6 | THE COURT:  Okay.  Here is the thing, though:  This |
| 7 | case has got to get going.  You haven't taken a dep yet? |
| 8 | MR. FORD:  The first deposition is tomorrow, |
| 9 | Your Honor. |
| 10 | THE COURT:  Okay.  Well, good.  And do we have more |
| 11 | on the schedule? |
| 12 | MR. SCHUETTINGER:  If I can address that point -- |
| 13 | THE COURT:  Yeah. |
| 14 | MR. SCHUETTINGER:  -- because that's not something |
| 15 | that is in the brief that I'd like to address. |
| 16 | THE COURT:  Sure. |
| 17 | MR. SCHUETTINGER:  It has been pending.  I've been |
| 18 | asking since August for deposition dates. |
| 19 | THE COURT:  Yep. |
| 20 | MR. SCHUETTINGER:  I've asked ten times, and they've |
| 21 | only given us one individual tomorrow.  Their position is |
| 22 | they're not going to provide other dates because they might be |
| 23 | antitrust witnesses.  And they supplemented their initial |
| 24 | disclosures, I believe, two weeks ago, and there were two |
| 25 | witnesses that clearly said they had information relevant to |

|  |  |
|---|---|
| 1 | antitrust. And so we said, "Well, we can do those later. |
| 2 | We'd like to proceed with the others." |
| 3 | THE COURT: Mm-hmm. |
| 4 | MR. SCHUETTINGER: They got back and said, "Well, |
| 5 | others have information relevant to antitrust. You need to |
| 6 | look at them clearer, you know, if they had marketing." |
| 7 | And so we asked, "Could you be very specific? If |
| 8 | you're not going to provide the witness because they have |
| 9 | information related to antitrust, can you just say that in the |
| 10 | initial disclosures so we cannot have this kind of guessing |
| 11 | game of what do they really know?" |
| 12 | And our overarching concern is that we do need to get |
| 13 | this case going. We have a trial in May with a different case |
| 14 | that is going to be two weeks that's going to take up my |
| 15 | client's time. I don't want to get in a situation where we've |
| 16 | put this case on the back burner and Heritage wants to proceed |
| 17 | with (inaudible) trial. We're just not going to be available. |
| 18 | You know, we want to get our homework done sooner |
| 19 | rather than later in this case. And related to that, I'm not |
| 20 | saying there is gamesmanship on the other side, but we do want |
| 21 | to alert the Court, and we notified opposing counsel, that our |
| 22 | client is not going to be available in May the first two |
| 23 | weeks. There is the two-week trial. |
| 24 | Discovery ends in May in this case. We would like to |
| 25 | get everything done in April in case there is an issue we can |

1  address, you know, with this Court, but I don't want a
2  situation where, you know, we're not getting witnesses, we're
3  not getting discovery, and then all of a sudden we're getting
4  bombarded in May in this case because the other side wants to
5  finish the case.  So I'm in agreement we would like to get
6  this case going before the trial.
7        THE COURT:  Well, you got nine -- roughly 90 days,
8  huh?  February, March, April.  If we're going to say May, it's
9  going to be problematic.
10        MR. SCHUETTINGER:  Right.
11        THE COURT:  You each get ten deps.  How hard can it
12  be to schedule ten deps over the next 90 days?
13        MR. FORD:  Your Honor, if I may respond?  One of the
14  issues, as you know, we need to start --
15        THE COURT:  What are we responding to?  Just get the
16  deps scheduled.
17        MR. FORD:  Well, the point I want to make is we are
18  serving antitrust discovery to get documents from them about
19  the antitrust case.  We can't take those -- all those
20  depositions until we get all the documents.
21        And our posture -- which is why we wanted to serve
22  these documents now to get moving.  Our posture with Gibson
23  was if you want to take the depositions of our witnesses now,
24  that's fine, we'll make them available, but you can't ask them
25  to be deposed again in two months if we produced documents in

1   response to the antitrust request.

2   So we are not withholding any witness. We're just
3   telling them if you want to take their depositions now as
4   opposed to March or April, that's your decision, but we're not
5   going to put the witnesses up again.

6   That's been the issue because there are going to be
7   additional documents that are produced that are relevant to
8   the antitrust case, and we just want to make sure witnesses
9   are deposed only once. That's, in fact, I think, the best way
10  to make sure this gets done in time.

11  THE COURT: Well, when will the documents be
12  produced?

13  MR. FORD: Your Honor, given your order just now, we
14  can serve our additional requests tomorrow or Monday. If
15  Your Honor would allow, rather than wait 30 days for a
16  response, then negotiate, and then wait another 30 days for
17  documents, if we could meet and confer as early as later next
18  week to try to iron out what needs to be done, then I think
19  the production can be done over a few weeks and depositions
20  can take place.

21  It ought to take place in March and April, at least
22  our depositions of Gibson's witnesses, because we want to do
23  those after we get the antitrust discovery so we can have
24  those documents to question the witnesses. They've subpoenaed
25  Heritage witnesses for March, and we'll make that work, but,

**1** again, if they want to take a deposition now, that's fine, but
**2** one deposition per witness.
**3**         THE COURT:  Well, why don't you tell them which of
**4** your witnesses is going to speak to antitrust issues.
**5**         MR. FORD:  Because the fact of the matter is, with
**6** respect to market definition, a witness who is an industry
**7** participant will have knowledge about competition in the
**8** market.  So, frankly, all of our witnesses, with the
**9** exception, perhaps, of Mr. -- Mr. Leach tomorrow, has
**10** information because they were market participants.
**11**         So I can't warrant that they won't have knowledge of
**12** market conditions that Gibson deems necessary.  I'm not trying
**13** to hide the ball.  I'm just saying if a witness was in charge
**14** of sales and marketing, selling guitars, they will have
**15** knowledge about competition in the marketplace that bears on
**16** the antitrust claim.
**17**         THE COURT:  All right.  Well, let -- let me be clear:
**18** If the case comes back to me on a motion to extend discovery,
**19** the answer is probably going to be no.  So this case -- you've
**20** got to get the discovery done on schedule.  I don't care how
**21** you do it.  So go ahead, serve whatever you got ASAP.
**22**         You know, obviously it would benefit your client to
**23** respond as soon as it's possible for you to do so, so that we
**24** can move to the next step, and that is depositions.
**25**         MR. SCHUETTINGER:  Well, I understand that point, but

|    |                                                                    |
|----|--------------------------------------------------------------------|
| 1  | this case was filed in 2020 by the Plaintiff.                      |
| 2  |     THE COURT:  Yeah.  They're naughty.  They didn't do |
| 3  | it.  I get that, okay, but the fact is we're where we are.         |
| 4  | We've got 90-ish days to get all of the deps done, and we're       |
| 5  | going to get them done, or they just -- you'll go to trial         |
| 6  | without the deps, which, you know, I mean, happens, right?         |
| 7  |     Every criminal case, that is exactly what a criminal |
| 8  | case is.  There are no depositions in a criminal case.  You        |
| 9  | put a witness on the stand, they testify, you cross-examine,       |
| 10 | jury reaches a verdict.  So if that's the way it plays out in      |
| 11 | this case, that's the way it plays out in this case.               |
| 12 |     MR. SCHUETTINGER:  And just to my first point, is   |
| 13 | there -- we've looked in Georgia and California where I'm          |
| 14 | admitted.  You can file a notice of leave of absence to alert      |
| 15 | the Court that, you know, either your client or counsel is not     |
| 16 | going to be available.  We've looked here in Michigan and          |
| 17 | haven't seen anything.                                             |
| 18 |     Is there anything that we could file just to alert |
| 19 | the Court that we are unavailable in May in case there is          |
| 20 | this, you know --                                                  |
| 21 |     THE COURT:  Well, you just told me.                |
| 22 |     MR. SCHUETTINGER:  Okay.                           |
| 23 |     THE COURT:  Let's call that good enough.           |
| 24 |     MR. SCHUETTINGER:  Okay.                           |
| 25 |     THE COURT:  They're not available in May.  You     |

1 gentlemen understand that?  So don't be setting deps in May
2 because it's just not going to work.  You know, they're not
3 available in May.  Don't set deps in May.
4       MR. SCHUETTINGER:  Thank you.
5       THE COURT:  You're welcome.  Anything else we can do
6 while we're here?
7       MR. SCHUETTINGER:  The only other issue, I think,
8 that is ambiguous in the scheduling order is kind of when we
9 do the ADR, and I was reading that --
10       THE COURT:  Okay.
11       MR. SCHUETTINGER:  -- and I think that's before you.
12       THE COURT:  Are we looking at the first amended case
13 management order; 103?
14       MR. SCHUETTINGER:  I am, Your Honor.
15       THE COURT:  Okay.  That has a early settlement
16 conference, which -- we did that, right?
17       MR. MOUW:  Yes.
18       THE COURT:  Okay.  Second settlement conference,
19 December of this year.  Did you also -- are we also doing
20 some, like, voluntary facilitative mediation or anything, or
21 is it just -- you're putting all your eggs in my basket?
22       MR. SCHUETTINGER:  We haven't discussed -- I haven't
23 discussed that with opposing counsel.  I just won't -- you
24 know, while we're here with the Court, is December a realistic
25 time for the Court?

|    |                                                                        |
|----|------------------------------------------------------------------------|
| 1  | THE COURT:  I'll do it whenever you want.                              |
| 2  | MR. SCHUETTINGER:  Okay.                                               |
| 3  | THE COURT:  You know, we can do it -- I won't say                      |
| 4  | next week, but we can do it almost as soon as you want to do           |
| 5  | it --                                                                  |
| 6  | MR. SCHUETTINGER:  Okay.                                               |
| 7  | THE COURT:  -- if both sides agree and if both sides                   |
| 8  | are sincerely interested in resolving the case, which means            |
| 9  | both sides are going to have to compromise their desires to            |
| 10 | get the case done.  You guys know that.  It's the way it works.        |
| 11 | So if those things are true, all you have to do is                     |
| 12 | call Faith Webb, my judicial assistant, and we'll set up a             |
| 13 | mediation session, bring you in here, clients got to come, and         |
| 14 | we'll try to get the case settled.                                     |
| 15 | MR. SCHUETTINGER:  So that would be in person here?                    |
| 16 | THE COURT:  Yep.                                                       |
| 17 | MR. SCHUETTINGER:  Okay.  That's the only outstanding                  |
| 18 | issue I had, Your Honor.                                               |
| 19 | THE COURT:  Okay.                                                      |
| 20 | How about you, Gentlemen?  Anything from your side?                    |
| 21 | MR. FORD:  Nothing here.  We'll serve our discovery                    |
| 22 | in the next couple days.  We'll meet and confer later next             |
| 23 | week and try to expedite all of this.                                  |
| 24 | THE COURT:  Yeah. How about just talking to each                       |
| 25 | other about all of the issues, about the deps, who -- you              |

1  know, I don't see any point in, you know, anybody trying to
2  hide the ball.  I mean, who are your witnesses, you know, that
3  you intend to put on the witness stand at trial.  Tell the
4  other side.  They can notice the deps, take the deps, and
5  we'll get the deps done.  We clear?
6              MR. SCHUETTINGER:  Yes, Your Honor.
7              THE COURT:  No gamesmanship.  We just need to get the
8  job done here.
9              We clear?  How about you, Plaintiff's Counsel?
10  Mr. Ford, clear?
11              MR. FORD:  We're clear.
12              THE COURT:  Okay.  All right.  Safe travels,
13  everybody.
14              MR. SCHUETTINGER:  Thank you.
15              (At 1:39 p.m., the matter was concluded.)
16                            * * * * *
17                          *C E R T I F I C A T E*
18          I certify that the foregoing is a transcription
19    from the digital recording of the proceedings in the
20    above-entitled matter transcribed to the best of my ability.
21    Signed:  18th day of February, 2022
22    _____
      Melinda I. Dexter, CSR-4629, RMR, CRR
23    U.S. District Official Court Reporter
      602 Federal Building
24    110 Michigan St., NW
      Grand Rapids, MI 49503
25