```
                IN THE UNITED STATES DISTRICT COURT

               FOR THE WESTERN DISTRICT OF MICHIGAN

                         SOUTHERN DIVISION

      HERITAGE GUITAR, INC.,

                  Plaintiff,            No: 1:20cv229

       vs.

      GIBSON BRANDS, INC.,

                  Defendant.



      Before:

                           THE HONORABLE RAY KENT
                           U.S. Magistrate Judge
                           Grand Rapids, Michigan
                         Friday, January 21, 2022
                     Motion for Extension Proceedings

      APPEARANCES:

                  MR. GARY J. MOUW
                  Varnum, Riddering, Schmidt & Howlett, LLP
                  333 Bridge Street NW
                  P.O. Box
                  Grand Rapids, MI 49501-0352
                  (616) 336-6424

                  MR. MARK A. FORD
                  Wilmer, Cutler, Pickering, Hale & Dorr LLP
                  60 State Street
                  Boston, MA 02109
                  (617) 526-6000

                          On behalf of the Plaintiff;
```

```
 1                    MR. KURT SCHUETTINGER
                      Bates & Bates LLC
 2                    1890 Marietta Boulevard, NW
                      Atlanta, GA 30318
 3                    (404) 228-7439

 4                         On behalf of the Defendant.

 5        TRANSCRIBED BY:   MR. PAUL G. BRANDELL, CSR-4552, RPR, CRR

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | 01/27/2022 |
| 2 | THE CLERK:  The United States District Court for the |
| 3 | Western District of Michigan is now in session.  The Honorable |
| 4 | Ray Kent, United States Magistrate Judge, presiding.  Please be |
| 5 | seated. |
| 6 | THE COURT:  This is 20cv229, Heritage v Gibson. |
| 7 | Mr. Mouw, Mr. Ford on behalf of Heritage.  Mr. Schuettinger, |
| 8 | Schuettinger on behalf of Gibson.  We are here on Heritage's |
| 9 | motion to extend discovery limits.  It appears in the court's |
| 10 | docket at ECF 107.  I have read the motion and the memorandum |
| 11 | at ECF 108 and also Gibson's brief in opposition, ECF 110. |
| 12 | So anything you guys want to say that's not in your |
| 13 | briefs, happy to hear it. |
| 14 | MR. FORD:  Thank you, Your Honor. |
| 15 | THE COURT:  Have at it.  Mr. Ford? |
| 16 | MR. FORD:  Ford.  So just to address some of the |
| 17 | points, as we mentioned in the brief it's a modest request |
| 18 | given the new antitrust claims.  In -- |
| 19 | THE COURT:  You know what, I just changed my mind. |
| 20 | MR. FORD:  Sure. |
| 21 | THE COURT:  You can sit down. |
| 22 | MR. FORD:  Sure. |
| 23 | THE COURT:  I am granting the motion and each side |
| 24 | will get five more, what is it, interrogatories, five more |
| 25 | document requests. |

1  MR. FORD:  Correct.

2  THE COURT:  Okay.  Here is the thing, though.  This
3  case has got to get going.  You haven't taken a dep yet.

4  MR. FORD:  The first deposition is tomorrow, Your
5  Honor.

6  THE COURT:  Okay.  Good.  Do we have more on the
7  schedule?

8  MR. SCHUETTINGER:  If I could address that point?

9  THE COURT:  Yeah.

10  MR. SCHUETTINGER:  Because that's something that's not
11  in brief that I would like to address.

12  THE COURT:  Sure.

13  MR. SCHUETTINGER:  It has been pending.  I have been
14  asking since August for deposition dates.  I have asked 10
15  times.  They have only given us one individual for tomorrow.
16  Their position is they are not going to provide other dates
17  because they might be antitrust witnesses.  And they
18  supplemented their initial disclosures, I believe two weeks
19  ago, and there were two witnesses that clearly said they had
20  information relevant to antitrust and so we said, well, we can
21  do those later.  We'd like to proceed with the others.  They
22  got back and said, well, others have information relevant to
23  antitrust.  You need to look at them clearer, you know, if they
24  had marketing, and so we asked, could you be very specific?  If
25  you are not going to provide the witness because they have

1  information related to antitrust, can you just say that in the
2  initial disclosure so we can not have this kind of guessing
3  game of what do they really know?
4    And our overarching concern is that we do need to get
5  this case going.  We have a trial in May with a different case
6  that is going to be two weeks that's going to take up my
7  client's time.  I don't want to get in a situation where we've
8  put this case on the back burner and Heritage wants to proceed
9  with stuff while we are on trial.  We are just not going to be
10 available.  You know, we want to get our homework done sooner
11 rather than later in this case.  And related to that, I am not
12 saying there is gamesmanship on the other side, but we do want
13 to alert the Court and we notified opposing counsel that our
14 client is not going to be available in May, the first two
15 weeks.  There is the two-week trial.  Discovery ends in May in
16 this case.  We would like to get everything done in April in
17 case there is an issue we can address, you know, with this
18 Court, but I don't want a situation where, you know, we are not
19 getting witnesses, we are not getting discovery and then all of
20 a sudden we get bombarded in May in this case because the other
21 side wants to finish the case.  So I am in agreement we would
22 like to get this case going before the trial.
23   THE COURT:  Well, you got really 90 days, February,
24 March, April if we are going to say May is going to be
25 problematic.

1         MR. SCHUETTINGER:  Right.

2         THE COURT:  You each get 10 deps.  How hard can it be
3    to schedule 10 deps over the next 90 days?

4         MR. FORD:  Your Honor, if I may respond?  One of the
5    issues is as you know --

6         THE COURT:  What are you responding to?  Just get the
7    deps scheduled.

8         MR. FORD:  The point I want to make is we are serving
9    antitrust discovery to get documents about the antitrust case.
10   We can't take all those depositions until we get all the
11   documents.  And our posture -- which is why we wanted to serve
12   these documents now to get moving.  Our posture with Gibson was
13   if you want to take the depositions of our witnesses now that's
14   fine.  We'll make them available, but you can't ask them to be
15   deposed again in two months if we produce documents in response
16   to the antitrust requests.  So we are not withholding any
17   witness.  We are just telling them, if you want to take the
18   depositions now as opposed to March or April, that's your
19   decision, but we are not going to put the witnesses up again.
20   That's been the issue, because there were going to be
21   additional documents that are produced that are relevant to the
22   antitrust case and we just want to make sure our witnesses are
23   deposed only once.  That is, in fact, I think the best way to
24   make sure this gets done in time.

25        THE COURT:  When will the documents be produced?

**1**          MR. FORD:  Your Honor, given your order just now, we

**2**   can serve our additional requests tomorrow or Monday.  If Your

**3**   Honor would allow, rather than wait 30 days for a response and

**4**   then negotiate and then wait another 30 days for documents, if

**5**   we could meet and confer as early as later next week to try to

**6**   iron out what needs to be done, then I think the production can

**7**   be done over a few weeks and depositions can take place and

**8**   ought to take place in March and April, at least our

**9**   depositions of Gibson's witnesses, because we want to do those

**10**  after we get the antitrust discovery so we can have those

**11**  documents to question witnesses.  They have subpoenaed Heritage

**12**  witnesses for March and we'll make that work, but again, if

**13**  they want to take a deposition now that's fine, but one

**14**  deposition per witness.

**15**          THE COURT:  Well, why don't you tell them which of

**16**  your witnesses are going to speak to antitrust issues?

**17**          MR. MOUW:  Because the fact of the matter is, with

**18**  respect to market definition, a witness who is an industry

**19**  participant will have knowledge about competition in the

**20**  market.  So frankly, all of our witnesses with the exception

**21**  perhaps of Mr. -- Mr. Leech tomorrow, has information because

**22**  they are market participants.  So I can't warrant that they

**23**  won't have knowledge of market conditions that Gibson deems

**24**  necessary.  I am not try to hide the ball.  I am just saying if

**25**  a witness was in charge of sales and marketing, selling

**1** guitars, they will have knowledge about competition in the
**2** marketplace that bears on the antitrust claim.
**3**             THE COURT:  All right.  Well, let -- let me be clear.
**4** If the case comes back to me on a motion to extend discovery,
**5** the answer is probably going to be no.  So this case shall --
**6** you got to get the discovery done on schedule.  I don't care
**7** how you do it.  So go ahead, serve whatever you got ASAP.  You
**8** know, obviously it would benefit your client to respond as soon
**9** as it's possible for you to do so so that we can move to the
**10** next step, and that is depositions.
**11**             MR. SCHUETTINGER:  Well, I understand that point, but
**12** this case was filed in 2020 by the Plaintiff.
**13**             THE COURT:  Yeah.  They were naughty.  They didn't do
**14** it.  I get that.  Okay.  But the fact is, we are where we are.
**15** We've got 90ish days to get all the deps done, and we are going
**16** to get them done or they'll just -- you'll go to trial without
**17** the deps, which, you know, I mean, happens, right, every
**18** criminal case?  That's exactly what a criminal case is.  There
**19** are no depositions in a criminal case.  You put a witness on
**20** the stand.  They testify.  You cross examine.  The jury reaches
**21** a verdict.  So if that's the way it plays out in this case
**22** that's the way it plays out in this case.
**23**             MR. SCHUETTINGER:  And just to my first point, is
**24** there -- we've looked in Georgia and California where I am
**25** admitted.  You can file a notice of leave of absence to alert

1  the Court that, you know, either your client or counsel is not
2  going to be available. We've looked here in Michigan and I
3  haven't seen anything. Is there anything that we could file
4  just to alert the Court that we are unavailable in May in case
5  there is this, you know --
6      THE COURT: You just told me. Let's call that good
7  enough.
8      MR. SCHUETTINGER: Okay.
9      THE COURT: They are not available in May. You
10 gentlemen understand that? So don't be setting deps in May
11 because it's just not going to work. You know, they are not
12 available in May. Don't set deps in May.
13     MR. SCHUETTINGER: Thank you.
14     THE COURT: You are welcome. Anything else we can do
15 while we are here?
16     MR. SCHUETTINGER: The only other issue I think that's
17 ambiguous in the scheduling order is kind of when we do the
18 ADR, and I was just reading that, and I think that's before
19 you.
20     THE COURT: Are we looking at the first amended case
21 management order, 103?
22     MR. SCHUETTINGER: I am, Your Honor.
23     THE COURT: Okay. That has an early settlement
24 conference which we did that, right?
25     MR. FORD: Yes.

| | |
|---|---|
| 1 | THE COURT:  Okay.  Second settlement conference |
| 2 | December of this year.  Did you also -- are we also doing some, |
| 3 | like, voluntary facilitated mediation or anything or is it just |
| 4 | you are putting all your eggs in my basket? |
| 5 | MR. SCHUETTINGER:  We haven't discussed that -- I |
| 6 | haven't discussed that with opposing counsel.  I just won't -- |
| 7 | while we are here at the court is December a realistic time for |
| 8 | the Court? |
| 9 | THE COURT:  I'll do it whenever you want. |
| 10 | MR. SCHUETTINGER:  Okay. |
| 11 | THE COURT:  You know, we can do it, I won't say next |
| 12 | week, but we can do it almost as soon as you want to do it. |
| 13 | MR. SCHUETTINGER:  Okay. |
| 14 | THE COURT:  If both sides agree, and if both sides are |
| 15 | sincerely interested in resolving the case, which means both |
| 16 | sides are going to have to compromise their desires to get the |
| 17 | case done.  You guys know that.  That's the way it works.  So |
| 18 | if those things are true, all you have to do is call Faith |
| 19 | Webb, my judicial assistant, and we'll set up a mediation |
| 20 | session, bring you in here, client has got to come, and we'll |
| 21 | try to get the case settled. |
| 22 | MR. SCHUETTINGER:  And so that would be in person |
| 23 | here? |
| 24 | THE COURT:  Yup. |
| 25 | MR. SCHUETTINGER:  Okay.  And that's the only |

1  outstanding issue I had, Your Honor.
2          THE COURT:  Okay.  How about you gentlemen, anything
3  from your side?
4          MR. FORD:  Nothing here.  We agree to serve our
5  discovery in the next couple of days.  We'll confer later next
6  week and try to expedite all of this.
7          THE COURT:  Yeah.  How about just talking to each
8  other about all the issues, about the deps, who, you know -- I
9  don't see any point, you know, in anybody trying to hide the
10 ball.  I mean, who are your witnesses, you know, that you
11 intend to put on the witness stand at trial.  Tell the other
12 side.  They can notice the deps, take the deps, and we'll get
13 the deps done.  Are we clear?
14         MR. SCHUETTINGER:  Yes, Your Honor.
15         THE COURT:  No gamesmanship.  We just need to get the
16 job done.  We clear?  How about you, Plaintiff's counsel,
17 Mr. Ford, clear?
18         MR. FORD:  We're clear.
19         THE COURT:  Okay.  All right.  Safe travels everybody.
20         MR. SCHUETTINGER:  Thank you.
21         (Proceeding concluded, 1:39 p.m.)
22
23
24
25

```
 1                      C E R T I F I C A T E
 2
 3         I certify that the foregoing is a transcript from the
 4   Liberty Court Recording System digital recording of the
 5   proceedings in the above-entitled matter to the best of my
 6   ability.
 7
 8
 9
10                                 /s/
11                                 Paul G. Brandell, CSR-4552, RPR, CRR
12                                 U.S. District Court Reporter
13                                 399 Federal Building
14                                 Grand Rapids, MI   49503
15
```