UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERITAGE GUITAR, INC.,

    Plaintiff,

v.

GIBSON BRANDS, INC.,

    Defendant.
_____/

Case No. 1:20-cv-229

Hon. Hala Y. Jarbou

## OPINION

This case began as a trademark infringement and breach of contract case between Plaintiff Heritage Guitar, Inc. and Defendant Gibson Brands, Inc. Heritage then sought and was granted leave to file a second amended complaint asserting federal and state antitrust claims. Gibson's answer to Heritage's second amended complaint included additional counterclaims. Before the Court is Heritage's motion to strike the counterclaims filed with Gibson's answer to Heritage's second amended complaint. (ECF No. 167.)

### I. BACKGROUND

Heritage initially brought suit seeking declaratory relief holding that it has neither infringed on Gibson's intellectual property nor breached the 1991 Settlement Agreement between the two parties. (*See* 1st Am. Compl., ECF No 15.) Gibson's answer to Heritage's amended complaint included six counterclaims: (1) breach of contract; (2) trademark infringement in violation of 15 U.S.C. § 1114(1); (3) trademark counterfeiting in violation of 15 U.S.C. § 1114(1); (4) false designation of origin, passing off, and unfair competition in violation of 15 U.S.C. § 1125(a); (5) trademark infringement in violation of Michigan common law; and (6) false designation of

origin, passing off, and unfair competition in violation of Michigan common law.  (*See* Answer to Am. Compl., ECF No. 62.)

The Court entered a Case Management Order setting a deadline of September 15, 2021, to amend the pleadings.  (4/16/2021 Case Mgmt. Order, ECF No. 74.)  On July 21, 2021, Heritage sought leave of the Court to file a second amended complaint (Mot. for Leave to File Second Am. Compl., ECF No. 84), which the Court granted.  (12/13/2021 Op., ECF No. 101; 12/13/21 Order, ECF No. 102.)  Heritage's second amended complaint included four additional causes of action under federal and state antitrust laws: (1) monopolization in violation of 15 U.S.C. § 2; (2) attempted monopolization in violation of 15 U.S.C. § 2; (3) monopolization in violation of Mich. Comp. Laws § 455.773; and (4) attempted monopolization in violation of Mich. Comp. Laws § 445.773.  (*See* 2d Am. Compl., ECF No. 104.)

Gibson filed a partial motion to dismiss the antitrust claims pled in the second amended complaint (Mot. to Dismiss Second Am. Compl., ECF No. 105), which the Court denied. (6/6/2022 Op., ECF No. 135; 6/6/2022 Order, ECF No. 136.)  Gibson then filed its answer to Heritage's second amended complaint on June 21, 2022.  (Answer to 2d Am. Compl., ECF No. 147.)  In its answer, Gibson reasserted its previous counterclaims with new theories and factual allegations.  Gibson also added new counterclaims for violating federal and state trade secret acts. (*See id.*)

## II. STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon motion of a party, "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "'Motions to strike are viewed with disfavor and are not frequently granted.'" *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 499 (6th Cir. 2022) (quoting *Operating Eng'rs Loc. 324 Health Care Plan v. G & W*

*Cosntr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). "Indeed, 'federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits.'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. Apr. 2022 update)).

### III. ANALYSIS

Heritage argues that the counterclaims alleged in Gibson's answer to Heritage's second amended complaint must be stricken for failure to seek leave of the Court in accordance with Rule 15 of the Federal Rules of Civil Procedure. Once stricken, Heritage argues that Gibson's initial counterclaims filed in response to Heritage's first amended complaint would remain the operative counterclaims. Gibson responds that the counterclaims filed in response to Heritage's second amended complaint are not amended pleadings that require leave from the court; rather, they may be asserted as of right in response to an amended pleading.

At issue is whether a party may assert new or different counterclaims as of right when answering an amended complaint. The Sixth Circuit has not ruled on this question. Recognizing this, both parties cite varying approaches taken by district courts when faced with the same question.[1] Heritage relies on the approach taken in *Bern Unlimited, Inc. v. Burton Corp.*, 25

---

[1] Federal courts have adopted at least six different approaches when answering this question:

> One approach is to always allow a party to file counterclaims without seeking leave of court in response to an amended complaint. *Walgreen Co. v. Hummer*, No. 1:10-CV-2902, 2012 WL 13033091, at *2 (N.D. Ohio May 3, 2012). A second approach is to never allow a party to file counterclaims without seeking leave of court in response to an amended complaint. *Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170, 180 (D. Mass. 2014). A third approach is that "a party is only entitled to respond as of right to an amended complaint if its answer is strictly confined to the new issues raised by the amended complaint." *S. New England Tel. Co. v. Glob. NAPS, Inc.*, No. CIVA 3:04-CV-2075 JC, 2007 WL 521162, at *2 (D. Conn. Feb. 14, 2007). A fourth approach is that a party may assert new counterclaims without seeking leave of court if the amended complaint changed the theory or scope of the case, regardless of whether the counterclaim relates to the changes made to the amended complaint. *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997), *aff'd on other grounds*, 205 F.3d 1347 (8th Cir. 2000); *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). A fifth approach is that a party may assert new counterclaims without

3

F. Supp. 3d 170 (D. Mass. 2014).  In *Bern*, the District of Massachusetts held that a party must seek leave from the court before filing an amended answer with new or different counterclaims. The District of Massachusetts reasoned that this

> approach appears to require the least contortion of the language of Rule 15(a), and is the most consistent with its purpose.  A new or different counterclaim asserted after an amendment of the complaint is a "pleading" governed by Rule 15(a), but does not fall into either category of 15(a)(1).  It therefore must fall under Rule 15(a)(2), which states that "the court's leave" (or the opponent's consent) is required "[i]n all other cases" before amending a pleading. Fed. R. Civ. P. 15(a)(2). Using this approach also has practical benefits.  It would prevent a party from asserting new counterclaims that are made in bad faith, cause undue delay or prejudice, are futile, or abuse the legal process in some other way, and also has the virtues of simplicity and ease of application.

*Id.* at 179.  Because Gibson did not seek leave of the Court, Heritage argues its counterclaims were improperly asserted and must be stricken.

On the other hand, Gibson relies on the approach taken in *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812 (N.D. Iowa 1997).  In *Tralon*, the Northern District of Iowa held that when a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant may assert new counterclaims as of right.  *Id.* at 832 (citing *Brown v. E.F. Hutton & Co., Inc.*, 610 F. Supp. 76, 78 (S.D. Fla. 1985)).  "[T]he *Tralon* approach maximizes fairness and minimizes the risk of dismissal based on purely procedural grounds, which is consistent with Federal Rule 15's preference to resolve disputes on their merits."  *Raymond James & Assocs., Inc. v. 50 North*

---

seeking leave of court if the amended complaint changed the theory or scope of the case so long as the new counterclaims "reflect the breadth of changes in the amended complaint." *Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446 (E.D. Va. 2005).  The sixth approach, created just last year by the Second Circuit, calls for a sliding-scale rule depending on how far along the litigation has progressed.  *GEOMC Co. v. Calmare Therapeutics, Inc.*, 918 F.3d 92, 100 (2d Cir. 2019).

*Raymond James & Assocs., Inc. v. 50 North Front St. TN, LLC*, No. 18-CV-02104-JTF-TMP, 2020 WL 7332846, at *3 (W.D. Tenn. June 23, 2020), *report and recommendation adopted*, No. 218-CV-02104-JTF-TMP, 2020 WL 6694299 (W.D. Tenn. Nov. 13, 2020).

*Front St. TN, LLC*, No. 218-cv-02104-JTF-TMP, 2020 WL 6694299, at *3 (W.D. Tenn. Nov. 13, 2020) (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010)).

Other district courts within the Sixth Circuit have adopted the *Tralon* approach. *See e.g.*, *Barry Fiala, Inc. v. Stored Value Sys., Inc.*, No. 02-2248 MAA, 2006 WL 2578893, at *2 (W.D. Tenn. Sept. 1, 2006) ("Because [the plaintiff's] Third Amended Complaint altered the scope of the case, SVS did not need leave of court to include new counterclaims and defenses in its answer."); *Medpace, Inc. v. Biothera, Inc.*, No. 1:12-cv-179, 2013 WL 5937040, at *1 (S.D. Ohio Nov. 4, 2013) ("[W]here a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint . . . . Pleading anew includes pleading new counterclaims . . . ." (internal citations and quotations omitted)). And this Court has also recognized a defendant's right to assert new counterclaims in response to an amended complaint. In *Moellers North America, Inc. v. MSK Covertech, Inc.*, 912 F. Supp. 269 (W.D. Mich. 1995), Judge Quist noted that:

> Rule 15(a) of the Federal Rules of Civil Procedure allows a party to plead in response to an amended complaint in accordance with the deadlines imposed by the Court and Rule 13 refers to both compulsory and permissive counterclaims as pleadings. *See e.g.*, *Salomon S.A. v. Alpina Sports Corp.*, 737 F. Supp. 720, 722 (D.N.H. 1990) (allowed revised counterclaims after an amended complaint was filed); *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970) (same). Thus, the defendants' counterclaims were authorized by the Federal Rules of Civil Procedure.

*Id.* at 272.

Applying the *Tralon* approach to the facts of this case, the Court finds that Gibson's counterclaims were properly raised. Heritage's second amended complaint changed the scope of the case by adding federal and state antitrust claims of monopolization and attempted monopolization. This broadened the scope of the litigation beyond the relationship between the two parties to include Gibson's effect on the competitiveness of the relevant marketplace in

general.  Accordingly, Gibson was not required to seek leave of the Court prior to asserting new or different counterclaims when answering Heritage's second amended complaint.

The rationale behind the *Tralon* approach also supports its application in this case. Heritage itself chose to expand the scope of this litigation.  Gibson should not be denied that same opportunity in response.  Moreover, the Court finds Rule 15's preference for adjudicating claims on their merits persuasive.  The Court declines to foreclose Gibson's substantive counterclaims on a purely procedural basis.

Heritage argues that the Court should apply the *Bern* approach to avoid unfair prejudice. Gibson filed its new counterclaims on June 21, 2022, after the Court's June 6, 2022, Opinion on its motion to dismiss.  The fact discovery period closed on June 29, 2022, except for the sole purpose of taking a limited number of depositions.  (4/20/2022 Order Extending Fact Disc., ECF No. 131; 6/21/2022 2d Am. Case Mgmt. Order, ECF No. 145.)  Accordingly, Heritage had little to no time to conduct discovery on the new counterclaims.  However, the answer to such prejudice is extending the discovery period to allow both parties to challenge the counterclaims on their merits, rather than foreclosing them on procedural grounds.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Heritage's motion to strike the counterclaims filed with Gibson's answer to the second amended complaint.  (ECF No. 167.) Subsequent to a status conference, the Court will extend the discovery period to give the parties adequate time to conduct discovery on these counterclaims.

Dated: December 21, 2022          /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE